[Civ. No. 8917. First Appellate District, Division Two.—May 17, 1933.]

SAMUEL S. WASHINGTON, Respondent, v. POLICY HOLDERS LIFE INSURANCE ASSOCIATION OF LOS ANGELES, CALIFORNIA (a Corporation), Appellant.

Hugh Martin Young, Charles D. Warner and Thomas W. Hughes for Appellant.

Charles A. Thompson and Robley E. Morgan for Respondent.

SPENCE, J.—Plaintiff brought this action to recover upon two life insurance policies. The cause was tried by the court sitting without a jury and from a judgment in favor of plaintiff, defendant appeals.

After the filing of appellant's opening brief, respondent made a motion to dismiss or affirm under section 3 of Rule V of the Rules for the Supreme Court and District Courts of Appeal. Points and authorities were filed by respondent in support of his motion and appellant filed its points and authorities in opposition thereto. Upon the hearing, the motion was argued and submitted and the parties stipulated that the cause might stand submitted upon the merits on the points and authorities on file in the event that said motion was denied. In our opinion this is not a proper case to grant the motion to dismiss or affirm under

the rule. The motion is therefore denied and we shall proceed to a consideration of the appeal on its merits.

In July, 1930, two life insurance policies were issued by appellant to Grace May Washington, the wife of respondent, in which policies respondent was named as beneficiary. Said Grace May Washington died in March, 1932. After the death of the assured appellant attempted to cancel the policies because of alleged false statements regarding her weight and state of health made by the assured in her application. An inspection of the pleadings shows that it was admitted by appellant's failure to deny that the assured had paid all dues and assessments on each policy ''which became due and payable to the defendant under and by virtue of the terms of said policies of insurance within the time and in the manner specified in said policy of insurance''. It was alleged in the answer, however, that in 1931 the assured had failed to pay certain assessments and thereby forfeited her membership and was thereafter reinstated pursuant to her written application for reinstatement dated April 9, 1931. Appellant then alleged that the statements contained in the written application for reinstatement were likewise false. Pursuant to the provisions of section 448 of the Code of Civil Procedure, respondent filed a denial of the execution and genuineness of the alleged written application for reinstatement set forth in appellant's answer. The trial court found against appellant on the issue of the alleged falsity of the statements of the assured and entered judgment for plaintiff.

Appellant first contends that the findings are not supported by the evidence. It would serve no useful purpose to set forth the evidence of the various witnesses relating to the weight and state of health of the assured. The controversy arose over the alleged false statement regarding the weight of the assured and all of appellant's testimony regarding her state of health was based upon the testimony relating to her alleged overweight. The assured had stated her weight as 187 pounds and several witnesses testified to the correctness of this statement. Appellant offered evidence for the purpose of showing that the assured weighed more, but the most that can be said is that there was a conflict. The trial court's findings to the effect that the statements of the assured were true and not false as alleged by appellant were supported by substantial evidence and

the fact that there may have been a conflict in the evidence is immaterial on this appeal. ■ It is further contended that there was no evidence to support the findings to the effect that the policies were in full force and effect at the time of the death of the assured. On this point appellant argues that the policies had lapsed for failure to pay certain assessments at the time required in 1931 and that the "purported reinstatement was denied" by respondent. This contention is wholly without merit. It was admitted by the pleadings that all dues and assessments had been paid as required and appellant affirmatively alleged in its answer that the assured "was reinstated in and again became a member" after the alleged lapsation referred to in its answer. Such reinstatement was not denied by respondent. Respondent merely denied the genuineness and due execution of the particular written application for reinstatement which appellant had set forth in its answer. The last-mentioned findings find ample support in appellant's admissions in the pleadings and there is nothing in the evidence contrary thereto.

■ Appellant further contends that the trial court committed prejudicial error in its rulings excluding certain evidence offered by appellant. These rulings were made while Dr. Nelson was on the witness-stand on surrebuttal. The doctor had performed the autopsy but had never seen the deceased prior to her death. He had previously testified to his estimate of the height and weight of the deceased at the time of her death. When called on surrebuttal he was asked the following questions: "What was her size, abnormal in comparison with her height?" "Did it require any assistance to move her?" "Doctor, considering the weight that this woman had and her size, would you say that that was an excessive weight?" In our opinion respondent's objections to these questions upon the ground that they were incompetent, irrelevant and immaterial and not proper surrebuttal were properly sustained. Appellant has failed to show that these questions were proper on surrebuttal, but in any event they lacked materiality, particularly in view of the fact that the doctor had already been permitted to freely testify as to his estimate of her size and weight.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.